UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

OLD REPUBLIC NATIONAL
TITLE INSURANCE COMPANY,                    Case No. 08-cv-796
    a Minnesota corporation,                Hon. Paul L. Maloney

        Plaintiff,

v

ESCROW & TITLE SERVICES, INC.
(d/b/a BELL TITLE COMPANY)
    a Michigan corporation,

        Defendant.
_____/

| | |
|---|---|
| CHARITY A. OLSON (P68295) | WILLIAM E. HOSLER (P41257) |
| KURT E. RIEDEL (P27190) | Williams, Williams, Rattner & Plunkett, P.C. |
| Plunkett Cooney | Attorneys for Defendant |
| Attorneys for Plaintiff | 380 North Old Woodward, Suite 300 |
| 38505 Woodward Ave., Ste. 2000 | Birmingham, MI 48009 |
| Bloomfield Hills, MI 48304 | (248) 642-0333 |
| (248) 901-4018 | weh@wwrplaw.com |
| colson@plunkettcooney.com | |

## AMENDED COMPLAINT

    Plaintiff, Old Republic National Title Insurance Company, by and through its attorneys, Plunkett Cooney, for its Amended Complaint against Defendant, Escrow & Title Services, Inc. (d/b/a Bell Title Company) ("Bell Title"), states as follows:

### PARTIES/JURISDICTION/VENUE

    1.    Plaintiff, Old Republic National Title Insurance Company ("Old Republic Title"), is a Minnesota corporation that is licensed by the Michigan Department of Labor and Economic Growth to issue title insurance policies in the State of Michigan.

    2.    Old Republic Title's corporate headquarters are located in Minneapolis, MN.

3. Old Republic Title's chief executives are located in Minneapolis, MN, from which they direct and control the company's business operations.

4. Old Republic Title's books and records are also located in Minneapolis, MN, and payments, including, without limitation, policy premiums for title insurance policies underwritten by Old Republic Title, are remitted to this location.

5. Payments made by Old Republic Title, including, without limitation, payments made to insureds and/or third parties pursuant to title insurance policies underwritten by Old Republic Title, are, likewise, issued from Minneapolis, MN and drawn on one or more bank accounts within the state.

6. Old Republic Title maintains its principle place of business in Minnesota.

7. Defendant, Escrow & Title Services, Inc., is a Michigan corporation that does business in the State of Michigan under the name of Bell Title Company ("Bell Title").

8. Bell Title's corporate headquarters are located in Okemos, Michigan.

9. Bell Title otherwise conducts business and derives its revenue through various branch offices located exclusively within the State of Michigan.

10. Bell Title maintains its principle place of business in Michigan.

11. This Court has subject matter jurisdiction under 28 U.S.C. § 1332, as complete diversity exists between the parties and the amount in controversy, exclusive of interest and costs, exceeds $75,000.

12. Venue is proper in this Court because the facts and circumstances giving rise to this cause of action occurred in Ingham County, Michigan.

**GENERAL ALLEGATIONS**

13.     On or about September 22, 1994, Bell Title entered into an "Agreement for Appointment of Policy Issuing Agent" (the "Agency Agreement") with Old Republic Title, whereby Old Republic Title appointed Bell Title as its "Agent" to issue title insurance policies in connection with real estate closing transactions.  A true and accurate copy of the Agency Agreement setting forth the parties' duties, responsibilities, and rights is attached hereto and incorporated herein as **Exhibit A.**

14.     As an agent for Old Republic Title, Bell Title retained a portion of the title insurance premium paid for each Old Republic Title policy that it issued in Michigan.  The remaining premium was then remitted by Bell Title to Old Republic Title.

15.     Pursuant to Section VIII of the Agency Agreement, "Preparation of Policies and Commitments," Bell Title expressly agreed to identify as exceptions to coverage all matters such as taxes, encumbrances, liens, restrictions, easements, and any other matters which constituted a defect or question as to the validity or marketability of the title being insured in said transaction.

16.     As set forth in Section VII of the Agency Agreement, "Responsibility for Loss," Bell Title also expressly agreed to indemnify Old Republic Title for certain losses, including payments to insured and third-party claimants, attorneys' fees and all other costs, arising from Bell Title's issuance of title commitments and policies underwritten by Old Republic Title, including, but not limited to, losses attributed to:

   a. Intentional or negligent failure of Agent to comply with the terms and requirements of the Agency Agreement or of the rules, regulations or instructions given to Agent by Insurer;

   b. Intentional omission from commitments or policies of reference to encumbrances or title defects disclosed by application, by the Agent's search and examination of title, by an approved

       examiner's report, or certification of title, or which were otherwise known to the Agent at the time of issuance of insurance;

c. The improper closing or attempted closing by the Agent including, but not limited to, the failure to disburse properly or close in accordance with escrow or closing instructions; and

d. Negligent errors or omissions in the search, or examination of title, in the preparation of title insurance forms or in other procedures involved in processing an application for title insurance.

## THE EDWARDS CLAIM

17. On or about November 11, 2004, Patricia Edwards ("Edwards") and Terry Towers borrowed $136,800 from Argent Mortgage Company, LLC ("Argent"). The loan was to be secured by a first mortgage on the real property located at 1765 Aurelius Road, Holt, MI, as recorded with the Ingham County Register of Deeds.

18. At the time of closing, Bell Title issued a title insurance commitment to Argent, its successors and assigns for the purpose of insuring its first mortgage lien against the subject property.

19. Although the Argent mortgage closing occurred on November 11, 2005, Bell Title failed or neglected to deliver the mortgage to the Ingham County Register of Deeds for recording until on or about January 31, 2005.

20. In the interim, on December 6, 2004, Edwards filed for Chapter 7 bankruptcy in the United States Bankruptcy Court for the Western District of Michigan District.

21. Given the recording delay, the bankruptcy trustee initiated an adversary proceeding against Argent to avoid the mortgage as a preferential transfer because the mortgage was not recorded within the ten day period set forth in 11 U.S.C. § 547(e)(2)(C)(ii).

22.     To preserve Argent's mortgage interest, Old Republic Title paid $19,000 to the bankruptcy trustee to settle the adversary proceeding and properly perfect Argent's mortgage interest in the property.

23.     In addition to tendering payment to the bankruptcy trustee to resolve the litigation and preserve the mortgage, Old Republic Title also incurred attorneys' fees and other costs in the amount of $2,497.50 to resolve the claim.

## THE JACKSON CLOSING

24.     On or about February 28, 2003, Andrew and Rose Jackson borrowed $97,800 from Resource Mortgage. The loan was to be secured by a first mortgage on the real property located at 508 West Maple, Lansing, Michigan, as recorded with the Ingham County Register of Deeds.

25.     At the time of closing, Bell Title issued a title insurance commitment to Resource Mortgage, its successors and assigns for the purpose of insuring its first mortgage lien against the subject property.

26.     Proceeds from the closing were to be used to both pay off and discharge an existing mortgage (line-of-credit) granted by the seller, Joe Vermetti ("Vermetti"), in favor of LaSalle Bank Midwest, N.A. (f/k/a Standard Federal) (n/k/a Bank of America) in the amount of $70,000, as previously recorded with the Ingham County Register of Deeds.

27.     Bell Title paid off the LaSalle Bank line of credit at the time of closing, but failed to close the account and/or secure discharge of the LaSalle Bank mortgage.

28.     Following the closing, Vermetti subsequently advanced additional funds from the line-of-credit which he failed to repay.

29. The insured mortgage was subsequently assigned to JP Morgan Chase Bank ("JP Morgan"), as recorded with the Ingham County Register of Deeds.

30. On or about October 3, 2005, LaSalle Bank filed a lawsuit in the Oakland County Circuit Court seeking to judicially foreclose its first lien mortgage (the "Oakland County Action").

31. To preserve JP Morgan's mortgage interest, Old Republic Title paid LaSalle Bank $81,565.00 to pay off the line-of-credit and discharge the LaSalle Bank mortgage, thereby preserving JP Morgan's mortgage interest in the property.

32. In addition to tendering payment to LaSalle Bank, Old Republic Title also incurred attorneys' fees and other costs totaling $1,320 to resolve the claim.

## COUNT I: BREACH OF THE AGENCY AGREEMENT

33. Old Republic Title repeats and incorporates all of the allegations contained within paragraphs 1 through 32, as if set forth fully herein.

34. Bell Title committed multiple breaches of the Agency Agreement including, but not limited to, the following conduct:

   a. Failing to timely record the Argent mortgage following the Edwards closing; and

   b. Failing to properly close the LaSalle Bank line-of-credit and discharge the corresponding mortgage in connection with the Jackson closing.

35. As a direct and proximate result of Bell Title's actions and/or omissions, Old Republic Title has sustained damages of no less than $104,382.50 for which Bell Title is liable.

**WHEREFORE**, Plaintiff, Old Republic National Title Insurance Company, requests that this Honorable Court enter Judgment in favor of Old Republic National Title Insurance Company and against Escrow & Title Services, Inc., in the amount of $104,382.50, plus interest,

costs and attorneys fees incurred herein, as well as all other relief which is just and fair under the circumstances.

## COUNT II: BREACH OF THE CLOSING INSTRUCTIONS

36. Old Republic Title repeats and incorporates all of the allegations contained within paragraphs 1 through 35, as if set forth fully herein.

37. Bell Title received closing instructions from the insured lenders in each of the aforementioned transactions setting forth the requirements that Bell Title was required to follow in conjunction with each closing.

38. Defendant committed multiple breaches of the closing instructions, including, but not limited to:

   a. Failing to timely record the Argent mortgage following the Edwards closing; and

   b. Failing to properly close the LaSalle Bank line-of-credit and discharge the corresponding mortgage in connection with the Jackson closing.

39. Old Republic Title, as the assignee of its insured lenders, and by way of subrogation, is entitled to assert the rights of its insured lenders for Bell Title's breaches of the lenders' closing instructions.

40. As a direct and proximate result of Bell Title's failure to adhere to the closing instructions, Old Republic Title has sustained losses in excess of $104,382.50 for which Bell Title is liable.

**WHEREFORE**, Plaintiff, Old Republic National Title Insurance Company, requests that this Honorable Court enter Judgment in favor of Old Republic National Title Insurance Company and against Escrow & Title Services, Inc., in the amount of $104,382.50, plus interest,

costs and attorneys fees incurred herein, as well as all other relief which is just and fair under the circumstances.

### COUNT III:  NEGLIGENCE/GROSS NEGLIGENCE

41. Old Republic Title repeats and incorporates all of the allegations contained within paragraphs 1 through 40, as if set forth fully herein.

42. At all relevant times herein, Bell Title owed a duty to Old Republic Title and its insured lenders to receive and process applications for title insurance and issue such commitments and/or policies with due regard to recognized title insurance underwriting practices and in accordance with the rules and instructions of Old Republic Title and its insured lenders.

43. Bell Title also had a duty, to the extent it retained contractors/subcontractors to perform searches and examinations of title and/or to administer mortgage closings, to ensure that such individuals also performed such duties in accordance with recognized title insurance underwriting practices, as well as the rules and instructions of Old Republic Title and its insured lenders.

44. Bell Title was negligent and/or grossly negligent in the performance of its duties, as owed to Old Republic Title and its insured lenders, as set forth herein.

45. Old Republic Title, on its own behalf, is entitled to assert its rights, and the rights of its insured lenders, by way of subrogation, for the negligence and/or gross negligence of Bell Title.

46. As a direct and proximate result of Bell Title's negligence and/or gross negligence, Old Republic Title has sustained damages in excess of $104,382.50 for which Bell Title is liable.

**WHEREFORE**, Plaintiff, Old Republic National Title Insurance Company, requests that this Honorable Court enter Judgment in favor of Old Republic National Title Insurance Company and against Escrow & Title Services, Inc., in the amount of $104,382.50, plus interest, costs and attorneys fees incurred, as well as all other relief which is just and fair under the circumstances.

## COUNT IV:  INDEMNIFICATION

47. Old Republic Title repeats and incorporates all of the allegations contained within paragraphs 1 through 46, as if set forth fully herein.

48. Old Republic Title is entitled to common law indemnification from Bell Title for all payments made by Old Republic Title, as detailed herein, because such payments were occasioned by Bell Title's errors and omissions in the subject closing transactions.

49. Old Republic Title was not negligent or otherwise at fault in the subject closing transactions.

50. In the alternative, Old Republic Title is entitled to contractual indemnification from Bell Title for the payments made by Old Republic Title, as detailed herein, because such payments were caused by Bell Title's errors and omissions in the subject closing transactions and such indemnification is expressly provided for in the Agency Agreement.

51. As a direct and proximate result of Bell Title's errors and omissions with respect to the aforementioned closing transactions, Old Republic Title has sustained damages in excess of $104,382.50 for which Bell Title is liable.

**WHEREFORE**, Plaintiff, Old Republic National Title Insurance Company, requests that this Honorable Court enter Judgment in favor of Old Republic National Title Insurance Company and against Escrow & Title Services, Inc. in the amount of $104,382.50, plus interest,

costs and attorneys fees incurred, as well as all other relief which is just and fair under the circumstances.

>Respectfully Submitted,
>
>/s/ Charity A. Olson
>CHARITY A. OLSON (P68295)
>KURT E. RIEDEL (P27190
>Plunkett Cooney
>Attorneys for Plaintiff
>38505 Woodward Ave., Ste. 2000
>Bloomfield Hills, MI 48304
>(248) 901-4018
>colson@plunkettcooney.com

Dated: December 2, 2009

PROOF OF SERVICE

I, Charity A. Olson, hereby certify that on December 2, 2009, a copy of Plaintiff, Old Republic National Title Insurance Company's Amended Complaint was filed electronically. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

>WILLIAM E. HOSLER (P41257)
>Williams, Williams, Rattner & Plunkett, P.C.
>Attorneys for Defendant
>weh@wwrplaw.com

>/s/ Charity A. Olson
>CHARITY A. OLSON (P68295)
>KURT E. RIEDEL (P27190
>Plunkett Cooney
>Attorneys for Plaintiff
>38505 Woodward Ave., Ste. 2000
>Bloomfield Hills, MI 48304
>(248) 901-4018
>colson@plunkettcooney.com

Blmfield.16164.81246.984472-2